(No. 5207- )

AXEL GILBERT ANDERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1965.*

R. W. DEFFENBAUGH, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant is seeking an award for $11,370.00 for back salary as a Conservation Inspector I in the Department of Conservation of Illinois, Law Enforcement Division, from February 14, 1961, on which date he was unlawfully discharged, to June 30, 1963, plus court costs incurred by claimant in the amount of $110.30.

On February 1, 1961, William T. Lodge, Director of the Department of Conservation of Illinois, submitted to Maude Myers, Director of the Department of Personnel of Illinois, a written request for the separation of claimant from his employment as a Conservation Inspector I in the Department of Conservation of Illinois, Law Enforcement Division. Thereafter, claimant was laid off from his position on February 14, 1961.

Subsequently, claimant filed a complaint for mandamus in the Circuit Court of Sangamon County, Illinois, and, on

March 9, 1964, a decree was entered directing William T. Lodge and Maude Myers to reinstate claimant to his position and title of Conservation Inspector I as of February 14, 1961.

From July 1, 1963 to the date of claimant's reinstatement, the court directed the Auditor of the State of Illinois to issue salary warrants and the Treasurer of the State of Illinois to pay such warrants in the amount of claimant's full salary and wages for such period.

From February 14, 1961 to June 30, 1963, for which period funds had lapsed, the Circuit Court order provided as follows:

"(e) That this Court orders and declares the plaintiff, Axel Gilbert Anderson, is entitled to and has a right to the full salary and wages of his said position as Conservation Inspector I in the Department of Conservation of Illinois from February 14, 1961, to June 30, 1963."

On August 13, 1964, the Appellate Court for the Fourth District dismissed respondent's appeal from the Circuit Court of Sangamon County and issued its mandate to the Circuit Clerk of Sangamon County.

The State of Illinois has paid claimant in the amount of $5,630.32, his full salary and wages for the period from July 1, 1963 to August 18, 1964, the date of his reinstatement.

Because of the lapse of appropriations, claimant has filed his complaint in this Court to recover his salary and wages for the period of February 14, 1961, through June 30, 1963.

In prosecuting his mandamus action in the Circuit Court, and in defending the State's appeal in the Appellate Court, claimant incurred court costs in the amount of $110.30.

The mandate of the Appellate Court reads in part as follows:

"And it is further considered by the Court that the said appellee recover of and from the said appellants costs by him in this behalf expended the same to be collected in due course of law."

There are two issues in this case:

(1) Respondent admits that claimant's gross wages for the period of February 14, 1961, through June 30, 1963, are in the amount of $11,370.00, but denies that claimant is entitled to an award for the full amount;

(2) Respondent denies that claimant is entitled to an award for his Circuit and Appellate Court costs.

It was stipulated by the parties that claimant's outside earnings for the years in question were as follows:

| | |
|---|---|
| 1961 . . . . . . . . . . . . . . . . . . . . . . . . | $ 370.00 |
| 1962 . . . . . . . . . . . . . . . . . . . . . . . . | 2,263.55 |
| 1963 (January 1, 1963, to June 30, 1963, inc.) . . . . . . . . . . . . . | 868.02 |
| Total . . . . . . . . . . . . . . . . | $3,501.57 |

This Court is of the opinion that neither the language of Sec. 63-b-111, Chap. 127, 1963 Ill. Rev. Stats., nor the order of the Circuit Court of Sangamon County bars this Court from independently determining claimant's damages —both with respect to mitigation of damages (see *Schneider* vs. *State of Illinois*, 22 C.C.R. 453), and set-offs of outside earnings during the period of unlawful dismissal (see *Poynter* vs. *State of Illinois*, 21 C.C.R. 393).

There is no authority in the Court of Claims Act for the payment of court costs expended in another court by a claimant. This part of the claim is denied.

Claimant, Axel Gilbert Anderson, may seek back pay for the period from February 14, 1961, to June 30, 1963, in the amount of $11,370.00, less credit to the State for supplemental earnings during said period of time in the amount

of $3,501.57, which figure has been stipulated between the attorney for claimant and the Attorney General, leaving a net amount of $7,868.43.

Claimant is, therefore, awarded the sum of $7,868.43.