(No. 77-CC-0561—

MAE ELLA BUCKLEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 7, 1979.*

*Rehearing denied March 20, 1980.*

DONALD R. JACKSON (BETTY L. BEER, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

In 1971, the Claimant was employed as a youth supervisor with the Department of Corrections at Jubilee Lodge, a juvenile female correctional institution. In September of 1971 the camp was closed. On June 1, 1972, Jubilee Lodge re-opened as a camp for juvenile male offenders. Male employees who were in layoff status (and were formerly employed as youth supervisors at the correctional facility) were recalled from the layoff list. The female employees were not recalled and new male workers were assigned the same duties formerly handled by Claimant and other female employees. Complaints were filed with the Fair Employment Practices Commission (F.E.P.C.) on behalf of several of the female employees alleging the refusal to rehire was because of their sex.

As a result of the hearing before the F.E.P.C., the Respondent was ordered to pay each of the complainants a sum equivalent to the amount each would have

earned had she been employed as a youth supervisor at Jubilee as of the date she would have ordinarily been entitled to recall from layoff until the date each complainant was employed or might have become employed in that capacity.

Claimant seeks from Respondent payment of the sum of $41,949.32 for and as payment in full satisfaction of a settlement agreement entered into pursuant to the F.E.P.C. order.

In *Lion Morris v. State of Illinois,* 77-CC-233, this Court stated that the Court of Claims is not merely a rubber stamp for settlements of the F.E.P.C. The pertinent language of that opinion is as follows:

"Once the F.E.P.C. has made their determination or has approved the settlement, it is not for this Court to look behind the determination of settlement and second guess the Commission as to whether or not fair employment practices were violated. However, it is this Court and not the F.E.P.C. that is charged with the responsibility of determining the merits of a claim for monetary recovery and recommending or not recommending to the legislature that a given claim be paid or not paid. It is in the fulfillment of this responsibility that this Court would be remiss if it did not scrutinize the dollar amount agreed to, to determine whether or not the Claimant has properly mitigated his damages. It is the sole question this Court will address itself once the F.E.P.C. has determined by hearing, or agreement, that there was adequate proof of a fair employment practices violation."

It is well settled in this State that a Claimant must do all in his/her power to mitigate damages. *Schneider v. State,* 22 Ill. Ct. Cl. 453; *Anderson v. State,* 25 Ill. Ct. Cl. 198; *Sullivan v. State,* 26 Ill. Ct. Cl. 117. It is apparent from the testimony and the evidence obtained at the hearing that Claimant failed to fulfill the duty imposed on her by the law in regard to mitigation of damages.

It is, therefore, the order of this Court that the claim be denied.