James E. Driessens, a Minor, by Edward Driessens, His Father and Next Friend, and Edward Driessens, Plaintiffs-Appellants, v. Bruce Verkruyse, Defendant-Appellee.

Gen. No. 11,802.

Third District.

February 17, 1964.

D. J. McRae, of Kewanee, William F. Kirman, of Annawan, and R. Sheridan Welch, and Andrews & Andrews, of Kewanee, for appellants.

Elliott R. McDonald, McDonald, McDonald & Carlin, of Davenport and Robert H. White, of Geneseo, for appellee.

SCHEINEMAN, J.

This is an appeal by a plaintiff from a judgment entered on a not guilty verdict. The case involves a head-on collision occurring April 3, 1959, at 4:45 p. m. on a country road about two miles east of Route 78 near Annawan, Illinois. It was a sunny day, and the road was dry.

The condition of the road and surrounding terrain have some importance in this case. The point of collision was just east of the crest of a hill, but there were high banks on each side of the road and no

drainage ditch. The roadway between the high banks was only 14 feet wide, and the surface was of sand and gravel with an oil strip down the center about nine feet wide. The drivers of vehicles going over the crest would not be able to see a car coming from the opposite direction until the crest was passed.

The plaintiff was driving up the steep slope from the east and the defendant came over the crest of the hill from the west.

Both drivers were severely injured, and the defendant suffered retrograde amnesia as a result of trauma incurred in the collision. Because of the amnesia, the trial court permitted the defendant and four other witnesses to testify as to habits of care on the part of the defendant. Objections to this testimony were overruled, and these rulings constitute the principal error assigned on this appeal.

The defendant's brief cites Campbell v. Ragel, 7 Ill App2d 301, 129 NE2d 451, to the effect that this testimony is admissible in a case where a party suffers from amnesia and there are no eyewitnesses. As a matter of fact there was no testimony offered or received in that case concerning habits of due care. There was no eyewitness to the actual collision, but there was a witness who had observed the vehicles shortly before impact, and he testified to their relative positions when he saw them. The actual holding of the court was that the testimony of this witness detailed sufficient circumstances upon which the jury could properly find the victim of amnesia was driving with due care at the time.

■ ■ We agree in principle with the ruling that circumstances are sufficient to provide a basis for an inference as to due care or lack thereof. We also agree that in a case of amnesia habits of due care may be admitted if there are no eyewitnesses available.

89

The question is thus presented whether in this case it is a fact that there were no eyewitnesses available.

██ Examination of the evidence in the case discloses that there was one witness who lived about a half mile from the scene of the collision. He testified that while working in his yard, he saw the defendant traveling toward the place where the high banks shut off his view; that he saw it for a distance of about 100 feet, and he estimated its speed at 50 to 60 miles per hour.

While this witness did not see the actual collision, his testimony, according to the Campbell case above cited, would present a circumstance which could be considered by the jury considering the fact that vehicles going both ways would be likely to operate on the oil portion in the middle of the road, and that to pass, it would be necessary for both vehicles to have the right wheels off on the sand shoulders, and with very little clearance between the cars under these conditions. The jury might very well find that a speed of 50 to 60 miles per hour was too dangerous and that such operation amounted to negligence, under the conditions.

Next the testimony of the plaintiff himself concerning the collision was as follows:

"The first time I saw the Verkruyse vehicle it just popped over the hill. It came over the hill, popped over the hill, approximately in the center of the road. . . . The wheels sort of dropped from under it like it was real light. At the time when it came down, the body fell back over the wheels like. Then it came into me. At the time it was on my side of the road. . . . By 'my side of the road' I mean the north side. . . . When I first saw Bruce's car, it was directly in the center of the road as it proceeded towards me. Within a few seconds it just came over right at me on my side of the road. . . . It went into a slide. By

90

that I mean the car itself wasn't coming straight. The back end was just a little to the side of the front end."

In view of this detailed testimony by a competent witness purporting to give the facts as to what actually happened, we find it impossible to hold that there was no eyewitness to this incident.

In Petro v. Hines, 299 Ill 236, 132 NE 462, involving a death, the court held "Where there is an eyewitness who saw the infliction of the injury, the jury must determine from the testimony from this witness and from the facts and circumstances surrounding the injury whether deceased was careful or negligent, and in such case evidence of the habits of deceased as to care and prudence are not admissible." The court added, that to question the veracity of the one witness does not affect the incompetency of the habit testimony.

In Scally v. Flannery, 292 Ill App 349, 11 NE2d 123, the defendant was called as a witness for plaintiff and testified fully as to the facts regarding the injury. Testimony as to careful habits of the plaintiff was then offered and admitted over objections. This was held error, and the case was reversed and remanded.

We have examined the citations given in defendant's brief and do not find them persuasive or comparable to the facts in this case. Under the facts of this case we think there was eyewitness testimony, and therefore, the admission of evidence of good habits was error. Accordingly, the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.

CULBERTSON, P. J. and ROETH, J., concur.