(No. 5128— )

WILLIAM H. SULLIVAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1967.*

MICHAEL F. RYAN and RICHARD F. McPARTLIN, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant seeks recovery of $3,440.00 in back salary, which is allegedly due and owing to him for a period of eight months, and which has not been paid to him because of lapsed appropriations.

There is no dispute as to the facts in this case. Claimant, William H. Sullivan, was appointed to the position of Institution Fire Chief at the Chicago State Hospital on January 11, 1952. He performed his duties, and received his salary until May 22, 1958, on which date he was suspended from his position. After a hearing before the Civil Service Commission, he was ordered discharged.

Thereafter, claimant initiated Certiorari proceedings for a review of the decision of the Civil Service Commission in the Circuit Court, which culminated in the judgment of the Appellate Court of Illinois, First Dis-

trict, in the cause entitled *William H. Sullivan* vs. *Maude Myers, et al.,* 32 Ill. App. 2d 454, reversing the judgment of the trial court, which had upheld the discharge order of said Commission. No further appeal was taken, and, on January 3, 1962, pursuant to the opinion of the Appellate Court, claimant was reinstated and restored to duty as Institution Fire Chief at the Chicago State Hospital.

From the evidence it appears that claimant was unable to obtain employment for the months of July, August, September and December of 1960, and for the months of January, February, March and April, 1961. It is the claimant's contention that for these eight months he is entitled to receive back salary from respondent because of his illegal discharge from his position with the State of Illinois. For all other months of his suspension claimant was employed at a monthly salary that equaled or exceeded his monthly rate of pay with the State of Illinois. The evidence also discloses that claimant was diligent in obtaining employment and in mitigating damages.

This Court has long held that, where a Civil Service employee is illegally prevented from performing his duties, and is subsequently reinstated to his position by a court of competent jurisdiction, he is entitled to the salary attached to said office for the period of his illegal removal, but that he must do all in his power to mitigate damages. *Schneider* vs. *State of Illinois,* 22 C.C.R. 453; *Poynter* vs. *State of Illinois,* 21 C.C.R. 393; *Smith* vs. *State of Illinois,* 20 C.C.R. 202; and *Cordes* vs. *State of Illinois,* 24 C.C.R. 491.

There is no evidence of failure to mitigate damages for the period involved in the instant case. Claimant

did obtain employment for thirty-three months, and we are of the opinion that he is entitled to be compensated for salary for the eight months of his illegal suspension at the rate of $400.00 per month.

Claimant is hereby awarded the sum of $3,200.00.