Virgil Cutright, Plaintiff-Appellant, v. Civil Service Commission of Springfield, Illinois, and Harold C. Hawkins, Chairman, and James McGrath and A. F. Beudel, Members of the Springfield Civil Service Commission, and Joseph P. Knox, Commissioner of the Department of Public Health and Safety of Springfield, Illinois, Defendants-Appellees.

Gen. No. 11,193.

Fourth District.

August 31, 1970.

Horsley and Lott, of Springfield, for appellant.

W. J. Simhauser, of Springfield, for appellees.

TRAPP, J.

This case has been once reviewed as Cutright v. Civil Service Commission, 90 Ill App2d 289, 232 NE2d 312. We reversed the decision, affirming the discharge of the employee and remanded the cause to the Circuit Court with directions to reverse the decision of the Civil Service Commission, and to remand the cause for re-hearing and consideration of any evidence on the issue of prejudice to the municipal service by reason of the employee's conduct.

We then noted that the charges as filed did not appear in the record, but that the finding of the Commission was:

> "11.03 . . . that the employee has committed an act or acts to the prejudice of the City Service, . . . ."
>
> ". . .
>
> "11.09 (i)—That the employee has failed to pay or make reasonable provision for the payment of his just debts.

"11.09(j)—That the employee has committed a criminal offense or a misdemeanor involving moral turpitude; or has been intoxicated in public."

We suggested that an anomaly was presented by reason of the fact that the Circuit Court found that there was not sufficient evidence to support the alleged violation of the specific rules 11.09(i) and 11.09(j), and in view of this, we were unable to determine what the Civil Service Commission found was the act prejudicial to the city service.

The cause was heard again by the Civil Service Commission, the previous testimony introduced and additional evidence was introduced to the effect that the City would lose revenue from not having the automobile assessed in Capitol Township, and that many city employees had automobiles. We had also noted that it was not then charged that the employee attempted to avoid a tax in Sangamon County but rather to avoid a tax in any county. The Civil Service Commission then entered written "Findings and Decision Adhering on Remandment."

The new findings do recite that the charges are: That for the years 1962, 1963 and 1964, the employee applied for license plates giving his address as Greenview, Illinois; that prior, during and subsequent to those years he gave his voting address as Springfield, Illinois; that no personal tax was paid since 1960 in Menard County (Greenview); that the employee was not assessed for an automobile in Sangamon County (Springfield) for the years 1959 through 1965; that the employee's actions in giving the different addresses in official places was done for the purpose of evading payment of personal tax on the motor vehicle, and that the acts are prejudicial to the city service.

The Commission made the following specific findings:

"13. That the evidence establishes that respondent filed applications for automobile licenses with the Auto Registration Division of the Office of the Secretary of State of Illinois for the years 1963, 1964 and 1965 on which he stated that his address was Greenview, Illinois; that on applications for ballots for elections held in the City of Springfield during the year 1964 he stated his address was 720 Fayette Avenue, Springfield, Illinois; that for said years his automobiles were not assessed for personal property tax in Menard County, Illinois, and he paid no personal property tax for an automobile either in Sangamon County or Menard County, Illinois.

"14. That the respondent designed such plans for the purpose of evading the payment of personal property tax on automobiles which he owned.

"15. That had the respondent listed and had his automobiles assessed in the taxing district in which he was residing in Springfield, Illinois, as required by the provisions of Section 538, Chapter 120, Illinois Revised Statutes, the City of Springfield, Illinois, his employer would have received a tax on said automobile for the year 1964 in the amount of $14.07 or $11.81 depending upon whether the 1963 Pontiac automobile was a Bonneville or Catalina model, and for the year 1965 the City of Springfield, Illinois would have received a tax of $12.20 or $10.36 depending upon the model of Pontiac automobile which the respondent owned; that this loss of actual tax revenue to the City of Springfield was established by the testimony of Virginia Rankin, Deputy Tax Assessor for Capitol Township, Sangamon County, Illinois.

"16. That the City of Springfield is dependent upon tax revenues from personal property taxes and other tax sources for its operation as a municipal government; that the City of Springfield had between 600 and 700 employees during the years 1963 through 1965, and that a majority of said employees owned automobiles.

"17. That the conduct and actions on the part of the respondent are prejudicial to the city service in that the City of Springfield was deprived of tax revenue which it otherwise would have obtained from personal property taxes had respondent listed and had his automobile assessed at his place of residence in Springfield, Illinois as required by law, and which tax revenues were needed by the City of Springfield in order that it might operate as a municipal government, and that such conduct and actions on the part of the respondent are prejudicial to the city service and constitute sufficient cause for his discharge and removal from the Civil Service Rolls of the City of Springfield, Illinois, under Section 11.03 of the Rules and Regulations of the Civil Service Commission of the City of Springfield, Illinois."

The Circuit Court, on complaint for administrative review of the last mentioned findings and order, found that the specific findings, 13, 14 and 15 above quoted, were supported by the evidence. The Circuit Court also found that the Commission's finding that the conduct was prejudicial to the city service was supported by the evidence.

Appellant contends that since the evidence with reference to the conduct of the employee has not been supplemented and the only new evidence is that the conduct deprives the City of a small amount of revenue and that

the City has numerous employees from whom it expects to derive revenue, the record still falls short of showing that this conduct was detrimental to the public service.

 While it is our duty, as we noted in our former opinion to be zealous in attempting to prevent discharge of Civil Service employees for trivial or frivolous reasons, and while the shortcoming must mean some substantial shortcoming which renders the continuance of an employee in office in some way detrimental to the discipline and efficiency of the service, it does not follow that this court can weigh the evidence or substitute its judgment for that of the Civil Service Commission when there is some evidence to support its findings and decision. Fenyes v. State Retirement System, 17 Ill2d 106, 111, 160 NE2d 810; Logan v. Civil Service Commission, 3 Ill2d 81, 87, 119 NE2d 754.

It is now clear that the Commission found that the combination of circumstances shown in making contrary statements as to his address in official applications for car registration and ballots, in failing to list the automobile at either address, whereas at all times it should have been listed as Springfield for tax purposes, taken together with the employee's explanation, which the Commission chose not to consider a plausible explanation, showed a deliberate attempt to evade a tax due his employer. It is further clear that the City was deprived of some revenue, and that in view of the number of employees who might be potentially similar sources of revenue, the Civil Service Commission determined that the conduct was a serious shortcoming detrimental to the discipline and efficiency of the service.

██ ██ Even though we might view the loss of revenue alone too trivial to merit dismissal of an employee with a good record of service, we cannot, where the Commission on reconsideration of the evidence supplemented as it is here, found the evasion of the City tax deliberate and detrimental to the service, say that the finding is

336

contrary to the manifest weight of the evidence and substitute our judgment for that of the Commission.

In our previous review of the evidence, we pointed out the considerations we found favoring the employee's view that the nonpayment of the tax was an oversight, and, in view of the Circuit Court's finding that two of the charges were not supported by the evidence, the generality of the remaining charge and the failure of the Commission to make specific finding of the nature of the detriment to the Service, we felt that it was our duty to reverse the decision and remand the cause for rehearing and reconsideration of the detriment to the service. We cannot say that the detriment must be in all cases directly connected with the performance of the job, as for example reporting to work on time or failing to follow directions of a superior. The Commission has a right to consider other factors such as nonpayment of debts in reference to the example set by the employee's conduct, even if the act or omission complained of is not directly connected with the daily performance of assigned duties.

The judgment of the Circuit Court is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.