HERGET NATIONAL BANK OF PEKIN, Conservator of the Estate of WALTER LEROY BEENEY, an Incompetent, Plaintiff-Appellant, *v.* ROXANN JOHNSON *et al.*, Defendants-Appellees.

(No. 73-329;

Third District—August 28, 1974.

Elmo E. Koos, of Peoria, for appellant.

Stephen Buckley, of Quinn & Buckley, of Peoria, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This action was brought to recover damages for personal injuries to Walter LeRoy Beeney, an incompetent, occasioned by the negligence of the defendant Roxann Johnson in driving an automobile. After a jury verdict in favor of defendant, the Circuit Court of Tazewell County entered the judgment from which this appeal is taken.

The ruling issue is whether the trial court erred in allowing defendant to introduce evidence that in the fall of the previous year a witness saw Walter Beeney (hereinafter referred to as plaintiff) operate his bicycle at night without lights.

On January 3, 1970, plaintiff was riding his bicycle in a northerly direction on Fifth Street Road between South Pekin and Pekin, when he was struck from the rear by the automobile operated by defendant. He had been to South Pekin to visit a friend and was riding back toward his home in Pekin when defendant ran into him. It was then between 7 and 7:30 in the evening; it was dark and snowing. He testified that he had on all of his lights and they were working.

Defendant was a 16-year-old girl who had recently learned to drive.

She lived in South Pekin and was driving North to visit her girl friend in Pekin. It had snowed that day and the road was icy and snow-packed. It was snowing quite hard but she could see a reasonable distance and could see better with the lower beam of lights. There was no traffic and had been none in either direction. She was driving at about 40 miles per hour when she came over the crest of a rise and saw a reflector on the right side of the road. She had no idea how far away the reflector was but she swerved to the left and applied her brakes. The car commenced spinning around in circles out of control. Although she never did see plaintiff or his bicycle, she knew she hit someone, especially after a handlebar came through a corner of her windshield. Plaintiff was taken to the hospital where he was treated for a comminuted fracture of the scapula and various lacerations, abrasions, and contusions. A permanent limitation of motion in the shoulder resulted.

Lowell Green, who was then a deputy sheriff, investigated the accident shortly after 7 o'clock the same evening. Because of marks in the snow, he could determine that the point of impact was close to the right edge of the pavement. He never did find the bicycle and assumed that it was stolen as it was never found.

Over objection he was permitted to testify that, in the fall previous, in the same general area, he almost had an accident when suddenly the plaintiff loomed in front with no lights on his bicycle.

The general rule is that evidence of conduct of a person on another occasion or occasions is irrelevant on the question of his conduct on the occasion in issue, except to show habit, state of mind, knowledge or intent and the like. (Gard, Illinois Evidence Manual, rule 88 (1963).) Evidence of other specific, though similar acts, may not be proven simply to show that, having done the same thing before, the person is likely to have done it on the occasion in issue. This would open the door too wide to the trial of side issues to the neglect of the immediate issue to be resolved. (Gard, *supra,* comment to rule 88.) *Flesburg v. Prince Warehouse Co.,* 37 Ill.App.2d 22; *Tuthill v. Belt Ry. Co.,* 145 Ill.App. 50, 55.

Defendant contends first that the plaintiff's post-trial motion did not specify the error thus waiving the matter. The record shows that in fact plaintiff was allowed by the court to amend his post-trial motion to include as error the admission at trial of testimony about a prior incident where Mr. Beeney did not have his lights burning on his bicycle at night. The order of the trial court was that the *post-trial motion as amended* was denied. There is no merit to this contention of defendant.

Defendant next contends that plaintiff neither objected nor moved to strike the answer. The record shows six objections by plaintiff. The final question was asked and answered before plaintiff's counsel had a chance

to object. He then objected. The court obviously considered this as a motion to strike since the court stated, "The answer may stand." There is no merit to this contention of defendant.

Defendants next argue that plaintiff opened the door to the admission of the evidence. Plaintiff's attorney asked Vera Beeney, plaintiff's sister, "What were your brother's habits with that bicycle?" She replied, "You mean as far as riding it?" He said, "And caring for it." The answer was, "He cared for his bicycle. He kept it in good condition. He always washed and polished it and kept things up on it." If one party's evidence opens up an issue and the other party will be prejudiced unless he can introduce contradictory or explanatory evidence he should be permitted to do so (18 I.L.P. *Evidence* § 44 (1956)), although the evidence should not be admitted if it is otherwise improper and no prejudice will result from the unexplained prior evidence. (18 I.L.P. *Evidence* § 44 (1956); 31A C.J.S. *Evidence* § 190 (1964).) The rule will not permit a party to introduce evidence which should not be otherwise admitted merely because the adverse party has brought out some evidence on the same subject. *Frochter v. Arenholz,* 242 Ill.App. 93, 98.

■■■ Defendant argues that the testimony that plaintiff had no lights on a prior occasion was offered and allowed to show habit. In Illinois it has long been the recognized rule of a personal injury and wrongful death actions arising out of motor-vehicle accidents that evidence of habits and customary behavior of one killed or injured by the alleged negligence of another is admissible on the issue of the former's conduct at and immediately prior to the time of the accident. Illinois still adheres to the principle that the rule is one of necessity, available only where there are no competent eyewitnesses. (Gard, Illinois Evidence Supp., rule 104 (1974); *McElroy v. Force,* 75 Ill.App.2d 441, *aff'd,* 38 Ill.2d 528, 534; *McInturff v. Chicago Title & Trust Co.,* 102 Ill.App.2d 39, 46; Hunter, Trial Handbook, § 75.7 (4th ed. 1972); 28 I.L.P. *Negligence* § 247, at 227 (1957).) Both defendant and plaintiff were called upon to testify. No question of incompetency under section 2 of the Evidence Act (Ill. Rev. Stat. 1973, ch. 51, par. 2) arose. The argument is that because defendant testified that she never did see plaintiff on his bicycle that therefore she was not an eyewitness and further, that because plaintiff was somewhat deficient mentally he was not a competent eyewitness. It is not necessary that an eyewitness see everything that occurred at the accident scene. (*Plank v. Holman,* 46 Ill.2d 465, 469.) Further, the plaintiff himself was a competent eyewitness as to whether or not he had his lights on. He understood the nature of an oath and had sufficient mental power to give a correct account of what happened to him. He had the capacity to observe, recollect, and communicate. His mental de-

ficiency is considered only in so far as it affects the weight to be given his testimony. 37 I.L.P. *Witnesses* § 23 (1958); *Schneiderman v. Interstate Transit Lines, Inc.,* 394 Ill. 569, 578.

During cross-examination of Walter Beeney, the defendant's attorney asked, "At any time prior to this night had you ever ridden your bicycle without lights, on the highway?" The answer was "No." On cross-examination of Vera Beeney the defendant's attorney asked, "So it is your testimony he always had lights on when he rode the bicycle?" The answer was "yes."

■■ Defendant argues that the testimony of Deputy Green was competent to contradict. A witness may not be contradicted as to collateral, irrelevant or immaterial matters, and if a party brings out such matters on cross-examination, he may not contradict the witnesses' answers. (37 I.P.L. *Witnesses* § 251 (1958); 58 Am. Jur. *Witnesses* §§ 782-784 (1948); 98 C.J.S. *Witnesses* § 633 (1957); McCormick, Handbook on Evidence, § 47 (2d ed. 1972); *Ray v. Cock Robin, Inc.,* 10 Ill. App.3d 276, 286.) As to whether the matter is collateral within the rule the test is whether the party seeking to introduce it for purposes of contradiction would be entitled to prove it as part of his case or if it could be shown in evidence for any independent purpose. There are two classes of facts of which such evidence is admissible: (1) Facts relevant to some issue in the case under the pleadings; (2) facts admissible to discredit the witness as to interest, bias, motive, corruption, or the like. All matters not within these two classes are usually considered collateral.

It is finally argued that there was no prejudice to plaintiff in allowing the admission of the evidence. Defense counsel himself stated, "It is obviously prejudicial." We agree.

■■ The judgment of the Circuit Court of Tazewell County is reversed and the cause is remanded to the court for a new trial.

Reversed and remanded.

SCOTT, P. J., and STOUDER, J., concur.