OLAMAE HARDAWAY, Plaintiff-Appellant, *v.* THE CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellees.

Fourth District   No. 14262

Opinion filed September 19, 1977.

Edward G. Vogt, of Kankakee, for appellant.

William J. Scott, Attorney General, of Chicago (George W. Lindberg, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE REARDON delivered the opinion of the court:

This is an appeal from the Circuit Court of the Seventh Judicial Circuit of Illinois (Sangamon County) brought pursuant to the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*). The trial court had affirmed the discharge of plaintiff Olamae Hardaway, by defendant Civil Service Commission, from her position as mental health supervisor at the Kankakee State Hospital.

Plaintiff contends that her right to a timely hearing was violated, that the grounds for her dismissal were insufficient, and that the Commission erroneously admitted evidence of a prior rule infraction.

On February 22, 1975, plaintiff was assigned to work on the night shift as a mental health supervisor in Ward 100A of the Kankakee State Hospital. The duties of a night shift supervisor include writing the daily ward report, making rounds to ascertain that everything is satisfactory with the patients, registering by periodically phoning the operator to report the existing conditions, and arranging for the employees to awaken the patients.

With her supervisor's permission, plaintiff reported late for work on February 22 at approximately 3 a.m. Plaintiff, thereupon, fell asleep and remained asleep from approximately 3:30 to 5:30 a.m.

On March 28, 1975, defendant, Department of Mental Health and Developmental Disabilities, sent notice of charges to plaintiff, informing

her that she had been discharged for the incident of February 22, 1975, specifically, *inter alia,* for sleeping on duty and for neglect of duty. On April 2, 1975, plaintiff requested a hearing before the defendant Commission. A 1-hour 45-minute hearing was held on the afternoon of May 1, 1975. The proceedings were continued to and concluded on May 22, 1975. The Commission determined that plaintiff was properly discharged for cause based on its findings of guilt of sleeping on duty and neglect of duty.

Plaintiff first contends that, pursuant to section 11 of the Personnel Code (Ill. Rev. Stat. 1975, ch. 127, par. 63b111), the proceeding for discharge should have been dismissed for failure of the Commission to hold a hearing within 30 days from plaintiff's request.

Section 11 provides in pertinent part:

> "Upon the filing of such a request for a hearing, the Commission shall grant a hearing within 30 days. The time and place of the hearing shall be fixed by the Commission, and due notice thereof given the appointing officer and the employee. The hearing shall be public, and the officer or employee is entitled to call witnesses in his own defense and to have the aid of counsel. The finding and decision of the Commission, or the approval by the Commission of the finding and decision of the officer or board appointed by it to conduct such investigation, shall be rendered within 60 days after the receipt of the transcript of the proceedings." Ill. Rev. Stat. 1975, ch. 127, par. 63b111.

Plaintiff, citing *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308, and *Jackson v. Civil Service Com.* (1976), 41 Ill. App. 3d 87, 353 N.E.2d 331, contends that section 11 gave her the right to have more than a perfunctory commencement of a hearing within 30 days and that the Commission lost jurisdiction over the case by not conducting a timely hearing.

In *McReynolds,* the First District Appellate Court determined that the Commission lost jurisdiction to review the discharge of a State employee where the hearing was scheduled and held by the Commission more than 30 days after the employee's request for it. In *Jackson,* the same result was reached where, although the Commission had initially scheduled a hearing within the statutory 30-day period, the Commission had on two occasions unilaterally rescheduled the entire proceeding with no prior notice to the employee to dates beyond the 30-day period and the hearing did not convene within 30 days of the employee's request. Both *McReynolds* and *Jackson* held that the 30-day limit was a mandatory, not a directory, provision.

■■ The holding of *McReynolds* and *Jackson* are inapposite here. Unlike their factual situations, in the instant case, the May 1, 1975, hearing

was held within 30 days of plaintiff's written notice. After hearing witnesses from 2:30 to 4:15 p.m., and with both sides having more witnesses to call, the hearing officer directed that the hearing be continued. This was no subterfuge beginning but a bona fide hearing on the merits. Our supreme court has recognized that a need for continuances may arise in practice before the Commission. (See *Lindeen v. Illinois State Police Merit Board* (1962), 25 Ill. 2d 349, 185 N.E.2d 206.) The mandate of section 11 is that a hearing must be granted, scheduled and started within 30 days of the written notice. (*Horan v. Foley* (1963), 39 Ill. App. 2d 458, 188 N.E.2d 877.) It does not state that the hearing must be completed within that time. Such a conclusion would permit the person charged to offer evidence for a length of time so to extend the hearing beyond the 30 days and thereby nullify the entire proceeding. If the delay or continuance is not for good cause or is unreasonable, the circuit court can so find. If, however, the delay or continuance is for good cause and reasonable, the Commission would retain jurisdiction. (See *Kahn v. Civil Service Com.* (1976), 40 Ill. App. 3d 615, 352 N.E.2d 231.) Consequently, in light of the facts and circumstances of the instant case, the Commission retained jurisdiction over the cause.

Plaintiff next contends that the findings that she was asleep while on duty and neglected her duty do not warrant or support her discharge.

Grounds for discharge of those employees who hold appointments in the State service on the basis of merit and fitness (Ill. Rev. Stat. 1975, ch. 127, par. 63b104a) are provided for in section 11 of the Personnel Code wherein it states:

> "No officer or employee under jurisdiction B, relating to merit and fitness, who has been appointed under the rules and after examination, shall be removed or discharged, demoted or suspended for a period of more than 30 days, except for cause, upon written charges approved by the Director of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission within 15 days after the serving of the written charges upon him." Ill. Rev. Stat. 1975, ch. 127, par. 63b111.

■■ While the term "cause" is not defined in the Personnel Code, Illinois courts have construed it to be some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which law and public opinion recognizes as good cause for his no longer holding a position. (*Fantozzi v. Board of Fire & Police Commissioners* (1963), 27 Ill. 2d 357, 189 N.E.2d 275; *Davenport v. Board of Fire & Police Commissioners* (1972), 2 Ill. App. 3d 864, 278 N.E.2d 212.) These shortcomings need not be directly connected with the performance of the work. (See *Cutright v.*

*Civil Service Com.* (1970), 128 Ill. App. 2d 331, 262 N.E.2d 102.) They must not be trivial or arbitrary or unreasonable. (*Petraitis v. Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 864, 335 N.E.2d 126.) The courts, however, should not assume the function of a super-commission or super chief of police in determining what constitutes cause. *Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 361 N.E.2d 782.

Sufficient cause for discharge was found where a State hospital psychologist was insubordinate, due to his failure and refusal to attend meetings as required by his superiors (*Epstein*), where a State hospital psychiatrist physically abused a mental patient. (*Samter v. Department of Public Welfare* (1956), 9 Ill. App. 2d 363, 132 N.E.2d 810), and where a supervisor in ill health poorly treated her subordinates and lowered morale thereby. *Hacker v. Myers* (1961), 33 Ill. App. 2d 322, 179 N.E.2d 414.

Sleeping on duty was one of the grounds for discharge in *Petraitis*. In that case, a police officer was discharged for sleeping while on duty and for assisting in the procurement of an illegal drug. While recognizing that the authority to remove is not arbitrary, the court noted a police board should be "accorded considerable latitude in determining what should constitute cause for discharge." After a determination of guilt, the board should "evaluate the gravity of the violations and decide if the infractions were so substantial as to constitute cause for discharge." *Petraitis*, 31 Ill. App. 3d 864, 868, 335 N.E.2d 126, 130.

The Commission's findings of fact and of gravity will not be disturbed by the court unless they are without support in or contrary to the manifest weight of the evidence. *Samter; Epstein.*

In the instant case, three of plaintiff's co-workers stated that plaintiff was asleep while on duty. The Assistant Residential Services Director testified that sleeping on duty was a serious matter, akin in degree to beating a patient. Furthermore, admittedly plaintiff knew that sleeping was prohibited. Indeed, less than four months previously, on October 14, 1974, she had been caught sleeping and was warned against future infractions.

No written notice is required here as was required in *Sullivan v. Myers* (1961), 32 Ill. App. 2d 454, 178 N.E.2d 410. In *Sullivan*, the First District Appellate Court reversed the finding of grounds for dismissal of a fireman who was discharged for habitual absenteeism. The court determined that under the applicable rules of the department of personnel of the hospital where the plaintiff was employed, it was required that written notice of an offense occurring within the preceding six months be given before he could be discharged. He was not given this warning. The court held that in the absence of notice he could not be dismissed. In the instant case,

written notice of prior rule infractions was not mandated by the hospital personnel rules, although an oral notice of a prior infraction was given. Consequently, the lack of written warning or notice is not reversible error here.

■■ Discipline in work is especially important where one is entrusted with the care of mental patients. (*Sullivan.*) A lack of alertness caused by sleeping on duty could possibly be the major cause of a tragedy that, but for the sleeping, could have been averted. In this case, the Commission determined that sleeping on the job was sufficient cause for discharge. We believe that the Commission is best able to determine the effect plaintiff's conduct would have on the safety and operation of the hospital. From review of the record, we are satisfied that the findings of the Commission are not against the manifest weight of the evidence and that defendant was properly discharged for cause.

Plaintiff further contends that she was charged with being asleep on duty and not with being asleep on duty after counseling. Thus she claims the testimony relating to the October 14 sleeping incident was improperly admitted. She claims this admission was prejudicial because she had no reason to prepare evidence of any unequal punishment meted out to those falling asleep after counseling.

■■ At the Commission hearing, defendant's counsel explained that the October 14 sleeping testimony was relevant to show plaintiff had notice that this conduct was not tolerable. The findings of the hearing officer indicate that plaintiff was discharged for sleeping on duty but not for sleeping on duty after counseling. It was not erroneous for the hearing officer to consider the evidence for the purpose of showing notice. See *Herget National Bank v. Johnson* (1974), 21 Ill. App. 3d 1024, 316 N.E.2d 191.

■■ In any event, even if the admission were erroneous, the admission was not reversible error. Section 12(2) of the Administrative Review Act provides that:

> "Technical errors in the proceedings before the administrative agency or its failure to observe the technical rules of evidence shall not constitute grounds for the reversal of the administrative decision unless it appears to the trial court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him." (Ill. Rev. Stat. 1975, ch. 110, par. 275(2).)

The admission of incompetent evidence is not reversible error if the case is clear and the rights of the parties are not affected. (*Lloyd A. Fry Roofing Co. v. Pollution Control Board* (1974), 20 Ill. App. 3d 301, 314 N.E.2d 350.) In the instant case there was other evidence in the record

describing the October 14 incident. Under these circumstances, we cannot say that the testimony materially affected her rights, or that substantial injustice resulted.

For the above reasons, the order of the Circuit Court of the Seventh Judicial Circuit (Sangamon County) affirming the findings of the Civil Service Commission of Illinois is affirmed.

Affirmed.

CRAVEN, P. J., and SLATER, J., concur.