(No. 77-CC-1432—)

JUDITH ANN CHAMNESS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed September 13, 1979.*

PER CURIAM.

This cause comes on for hearing on a complaint filed by Claimant on August 2, 1977, pursuant to Section 8(a) of the Court of Claims Act (Ill. Rev. Stat. 1977, ch. 37, par. 439.8(a)) seeking payment of the sum of $8,824.92 from Respondent, pursuant to the terms of a certain settlement agreement entered into by and between Claimant and Respondent resolving a charge by Claimant of unfair employment practices filed with the Illinois Fair Employment Practices Commission. Claimant appears *pro se* in support of her claim.

A certain settlement and agreement was entered into by and between Claimant and the Illinois Department of Corrections executed by the Illinois Department of Corrections on July 5, 1977, purporting to grant to Claimant the amount set forth above as an award for wages which would have been paid but for an unfair labor practice and sex discrimination by the Illinois Department of Corrections.

Introduced as an exhibit by Claimant are the findings of the Fair Employment Practices Commission and the terms of settlement and agreement entered into between Claimant and the Illinois Department of Corrections.

The Attorney General's Office cross-examined Claimant with respect to the truthfulness of her allegations that she sought employment elsewhere in an attempt to mitigate her damages. Respondent offered into evidence

certain letters received back from employers Claimant stated were contacted and to whom applications for employment were made, one of which verified Claimant's application and five stated that their records did not indicate that she had ever sought employment with their company or place of business.

In the case of *Sullivan v. State of Illinois*, 26 Ill. Ct. Cl. 117, this Court laid down the following rule:

"During a period of illegal removal from office, Claimant must diligently seek employment, and do all in his power to mitigate damages."

The testimony of the Claimant as to what assistance had been provided is not clear. She stated she did receive some food stamps but did not know how much, if anything, she received in unemployment compensation.

It appears from the record that Claimant solicited nine potential employers during the time of her unemployment of one year. This would indicate she was making an application for employment less than once each month.

It is the Court's opinion that Claimant did not sufficiently assert herself to mitigate damages of which she claims.

Award denied.