MARCIA QUICK, Adm'r of the Estate of Lebert E. Quick, Jr., Deceased, Plaintiff-Appellant, *v.* EARL W. NAGEL, Defendant-Appellee.

Fifth District   No. 79-318

Opinion filed June 3, 1980.—Rehearing denied July 1, 1980.

John P. Kujawski and Jeanne L. Sathre, both of Cohn, Carr, Korein, Kunin, Schlichter and Brennan, of East St. Louis, for appellant.

Wagner, Bertrand, Bauman & Schmieder, of Belleville (Bernard H. Bertrand, of counsel), for appellee.

Mme JUSTICE SPOMER delivered the opinion of the court:

Plaintiff-appellant Marcia Quick, the administrator of the estate of her deceased husband, Lebert E. Quick, Jr., appeals from a judgment in favor of the defendant-appellant, Earl W. Nagel, after a jury trial of a wrongful death action in the Circuit Court of Monroe County.

The only issues presented for our review are whether the trial court erred in refusing to give jury instructions tendered by the plaintiff regarding habit testimony and circumstantial evidence.

The plaintiff's decedent was killed as his automobile pulled onto a country road from a driveway and was struck by the defendant's pickup truck. The accident took place in the early evening hours of a dull, gray, and misty day, and the road was wet. Both the defendant and the decedent were familiar with the road and the location of the driveway.

There were no eyewitnesses to the accident except for the defendant. Called as an adverse witness by the plaintiff, he testified that he was driving at 40 to 45 miles per hour, rounded a curve some 120 feet from the driveway, and saw the decedent's car slowly entering the road without stopping. The defendant applied his brakes, went into a skid, and collided with the decedent's automobile.

The plaintiff testified that her husband had been industrious, thrifty,

and in good health, and was a tidy, neat, and well-ordered person. He had driven out of the driveway in question on numerous prior occasions.

The trial court refused the plaintiff's tendered instructions as to the inference of due care on the part of the decedent which might be drawn by the jury from evidence tending to show that he was a person of careful habits (Illinois Pattern Jury Instructions, Civil, No. 10.08 (2d ed. 1971) (hereinafter cited as IPI Civil)) and as to the proof of facts by circumstantial evidence (IPI Civil No. 1.03).

In this court, the plaintiff argues that the failure to give the tendered instruction regarding habit testimony was reversible error, because it precluded the plaintiff from proving the essential element of her case that her husband was in the exercise of due care at the time he emerged onto the roadway and immediately prior thereto. The plaintiff argues that the fact that an eyewitness to the accident testifies does not preclude the use of habit testimony unless the testimony of the eyewitness is "almost conclusively determinative" of the issue of contributory negligence.

The quoted language is taken from the opinion of the supreme court in *Plank v. Holman* (1970), 46 Ill. 2d 465, 264 N.E.2d 12. In that case, the plaintiff sued as executrix of the estate of her husband. She exercised her privilege under the dead man's statute as to all defendants. She was herself an eyewitness, and, like the defendant in the instant case, was called to testify under section 60 of the Civil Practice Act. In addition to stating what she had personally seen, she was permitted to testify as to her husband's careful habits. In holding that the secondary evidence should not have been admitted, the court stated:

> "Whether plaintiff may be considered an eyewitness to the accident is determined by the circumstances she observed. If the plaintiff could relate circumstances from which the decedent's behavior and operation of his automobile might be reasonably inferred, she may be termed an 'eyewitness.' (See: *Elliot v. Elgin, Joliet & Eastern Railway Co.*, 325 Ill.App. 161.) It is not necessary that an eyewitness see everything that occurred at the accident scene. Although the plaintiff did not see all three automobiles involved immediately before the accident, she could determine the location of her husband's auto in relation to the center line of the highway. The location of decedent's automobile at impact would be almost conclusively determinative of the issue of the negligence of the defendants and the lack of decedent's contributory negligence." (46 Ill.2d 465, 469, 264 N.E.2d 12, 14.)

The court went on to hold that use of such secondary evidence to prove that the decedent was in the exercise of due care at the time of the occurrence would have been permissible only if direct evidence were shown to be unavailable.

Numerous Illinois cases have discussed the admissibility of habit evidence. As summarized by the Appellate Court for the First District in the recent case of *Gasiorowski v. Homer* (1977), 47 Ill. App. 3d 989, 365 N.E.2d 43:

"* * * The cases in Illinois have established that where there are no eyewitnesses to an accident, or where the only eyewitnesses are silenced by death, amnesia, mental incompetency, or the Evidence Act (Ill. Rev. Stat. 1975, ch. 51, par. 2) evidence of the plaintiff's pertinent habits may be admitted on the issue of whether the plaintiff was in the exercise of due care immediately prior to and at the time of the accident. (*See McElroy v. Force* (1968), 38 Ill.2d 528, 232 N.E.2d 708; *Casey v. Chicago Railways Co.* (1915), 269 Ill. 386, 109 N.E.2d 984; *Eichorn v. Olson* (1975), 32 Ill. App. 3d 587, 335 N.E.2d 774; *City of Chicago v. Doolan* (1900), 99 Ill. App. 143.) The essential thrust of these holdings has been that in such situations, where no better evidence on the issue is available, habit evidence is admissible in order to give the plaintiff a fair chance to prove his freedom from contributory negligence. This rule of necessity, however, does not extend beyond its own reason. Where there are available competent witnesses who have observed and can relate enough of the circumstances of the accident so as to form a sufficient basis from which the trier of fact might reasonably infer the exercise of or failure to exercise due care by the plaintiff, habit evidence, being unnecessary, should not be admitted. *Plank v. Holman* (1970), 46 Ill.2d 465, 264 N.E.2d 12; *Peltz v. Chicago Transit Authority* (1975), 31 Ill. App. 3d 948, 335 N.E.2d 74; *Driessens v. Verkruyse* (1964), 46 Ill. App. 2d 87, 196 N.E.2d 353." 47 Ill. App. 3d 989, 998, 365 N.E.2d 43, 49.

The court in *Gasiorowski* held that where the plaintiff chose to call the defendant as an adverse witness and elicited direct testimony as to the plaintiff's due care, that testimony was binding on the plaintiff absent sufficient contradictory evidence, and the trial court properly excluded proffered habit evidence.

■■ For evidence of habits to be precluded because of the availability of a competent eyewitness, it is not necessary for the eyewitness to have seen everything that occurred at the accident scene. (*Plank v. Holman*; *Gasiorowski v. Homer*; *Herget National Bank v. Johnson* (1974), 21 Ill. App. 3d 1024, 316 N.E.2d 191, 194.) The test, as the court made clear in *Plank*, is whether the eyewitness could relate circumstances from which the decedent's behavior might reasonably be inferred.

In *Turnbull v. Porter* (1965), 55 Ill. App. 2d 374, 206 N.E.2d 97, the court rejected the argument on appeal that there had been no eyewitnesses to the occurrence sufficient to bar habit testimony:

"The witnesses * * * each testified as to the movements of the defendant's automobile. In substance this testimony is that the defendant drove his automobile onto the highway and into the path of the Porter truck failing to yield the right of way. * * * From this testimony it is impossible to see how the contention can be made that there were no eyewitnesses." 55 Ill. App. 2d 374, 374j, 206 N.E.2d 97, 102.

Similarly, in *Driessens v. Verkruyse* (1964), 46 Ill. App. 2d 87, 196 N.E.2d 353, where the plaintiff testified in detail concerning the collision, the court found it impossible to conclude that there was no eyewitness to the incident, and therefore held that admission of evidence of good habits was error.

As in the last two cited cases, we find it impossible to conclude in this case that there was no eyewitness to the accident. The defendant, called by the plaintiff as an adverse witness, testified that he first had a view of the driveway when he was about 120 feet away. A few feet further on, he saw the decedent's car come from behind a cedar tree by the driveway. At that point, the decedent was at least 5 feet from the paved portion of the roadway. The defendant testified that the decedent never stopped after he came into the defendant's view; he just pulled slowly onto the road. At the time the decedent entered the road, the defendant "was on the brakes real good," about 50 feet from the decedent's car.

■■ Whether or not the decedent may have stopped his car before the defendant could see him—and some distance before he pulled onto the road—would in any event not be probative as to the key issue of contributory negligence. The defendant's testimony was almost conclusively determinative of that issue. Absent any evidence to the contrary, the plaintiff was bound by the testimony as to her decedent's lack of due care elicited from the defendant. *Gasiorowski.*

■■ The eyewitness testimony of the defendant was certainly sufficient basis from which the jury might reasonably infer the failure to exercise due care by the plaintiff's decedent in the operation of his automobile. Under the authorities previously cited, evidence of the decedent's careful habits, being unnecessary, was not properly admissible. Thus there could be no error in refusing to instruct the jury in accordance with IPI Civil No. 10.08.

■■ The plaintiff further argues in a similar vein that the court's refusal of the circumstantial evidence instruction precluded the jury from a proper consideration of the evidence in determining the issue of the decedent's due care. It is of course true that in a proper case due care can be inferred from facts and circumstances surrounding an accident, such as the speed of the vehicles involved, weather conditions, and physical facts following impact. Nor can we quarrel with the argument that IPI Civil

No. 1.03 should be given where applicable, even when there are eyewitnesses and other contrary direct evidence. See *Oudshoorn v. Warsaw Trucking Co.* (1976), 38 Ill. App. 3d 920, 349 N.E.2d 648, 651, and cases cited.

■■ We do not, however, see how the plaintiff could have been prejudiced by the court's failure to give IPI Civil No. 1.03 in this case, even assuming that it was error to refuse the instruction. There was scant circumstantial evidence even remotely bearing on the issue of contributory negligence; the defendant testified positively that the plaintiff's decedent simply did not stop before pulling out onto the roadway. A liberal application of the harmless error doctrine to jury instruction issues is favored when it appears that the rights of the complaining party have in no way been prejudiced. (*Cohn v. Petroleum Heat & Power Co.* (1963), 44 Ill. App. 2d 23, 194 N.E.2d 29.) We conclude that the jury here could have reached no other conclusion consistent with the evidence but that the decedent was not in the exercise of due care for his own safety immediately prior to the collision that tragically ended his life.

For the foregoing reasons, the judgment of the Circuit Court of Monroe County is affirmed.

Affirmed.

HARRISON and KARNS, JJ., concur.