(No. 81-CC-1089—)

INEZ HART, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 23, 1983.*

ROSEMAN & MORTON LAW CLINIC, for Claimant.

NEIL F. HARTIGAN, Attorney General (PAUL M. SENG-PIEHL, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this cause seeks damages for unreasonable termination of her employment by the Illinois Fair Employment Practices Commission. It is Claimant's contention that she was unreasonably terminated on June 30, 1976, and did not regain employment until February 1, 1977.

Claimant's earnings were $11,500.00 per year at the time of her discharge and the conciliation agreement called for the determination of damages to be paid to Claimant were not to exceed $6,000.00.

It is Respondent's position that Claimant was paid unemployment compensation for the subject time period and that payment should be set off from any claim that she may have. Respondent also contends that Claimant did not actively seek re-employment, pursuant to the guidelines set up in *Chamness v. State* (1979), 33 Ill. Ct. Cl. 200.

The uncontradicted evidence is to the effect that the Claimant did, upon her dismissal, seek employment with the United States government through applications made at the Dirksen Office Building in Chicago, by filing applications for employment with the University of Chicago, by applying for positions at the Continental Bank, and by responding to various ads and solicitations she found in local newspapers and on employment bulletin boards.

Claimant's testimony as to the various attempts at these locations was not disputed by evidence submitted by the Respondent. The evidence reflecting Claimant's attempts to secure employment were all oral but they were undisputed.

The record, which was undisputed by Claimant, shows that Claimant received $3,510.00 in unemployment benefits from the State of Illinois for the period from July 1, 1976, to February 1, 1977.

Respondent's position is based on the decision in the *Chamness* case wherein the Court, citing the opinion in the case of *Sullivan v. State* (1967), 26 Ill. Ct. Cl. 117, laid down the following rule:

"During a period of illegal removal from office, Claimant must diligently seek employment, and do all in his power to mitigate damages."

It is the Court's opinion that the present case does not fall within the rule laid down in the *Chamness* case. Even though the record reflects only Claimant's testimony as to the attempts she made to secure employment, none of her testimony was disputed by Respondent. Claimant testified that on at least 14 different occasions she sought employment at two different agencies and also made weekly attempts by filing resumes and applications in response to ads that appeared in local newspapers.

The Court finds that based on an annual salary of $11,500.00 per year, Claimant's loss of earnings was $6,708.00. A conciliation report calls for damages not to exceed $6,000.00. With a set-off of $3,510.00, it is the Court's opinion that Claimant is entitled to the amount of $2,490.00.

An award is hereby entered in favor of Claimant in the amount of $2,490.00.