487 P.2d 591 (1971)
Gordon L. THOMAS, Plaintiff in Error,
v.
The CITY AND COUNTY OF DENVER et al., Defendants in Error.
No. 71-127. (Supreme Court No. 24323.)
Colorado Court of Appeals, Div. I.
May 18, 1971.
Rehearing Denied June 8, 1971.
Certiorari Denied August 9, 1971.
C. J. Berardini and Ronald F. Flader, Denver, for plaintiff in error.
Max P. Zall, City Atty., Brian H. Goral, Asst. City Atty., Denver, for defendants in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This action concerns a review of disciplinary proceedings relating to the plaintiff in error, Gordon L. Thomas, a police officer for the City and County of Denver.
Several of the facts which precipitated the disciplinary proceedings and which are significant to this opinion are without dispute. During the spring and summer of 1967, when Officer Thomas was a Patrolman First Grade in the Classified Service of the Denver Police Department, he was also employed part-time as a security guard in the offices of the Public Service Company in Denver, Colorado. During the latter part of May 1967, Officer Thomas discussed with another employee of the Public Service Company who was entrusted with a full set of keys to the Public Service Company's offices a hypothetical manner for an armed robbery of the Public Service Company's offices. On June 2, 1967, an aggravated armed robbery did in fact occur in the exact manner outlined by Officer Thomas to that employee. Also during the last two weeks in May, Officer Thomas discussed in detail with the same employee a hypothetical robbery plan in which the head cashier of the Public Service Company might be kidnapped while his wife was held hostage. The cashier, Thomas theorized, could then be forced to open a safe in the Public Service Company's offices and the safe's contents could then be stolen. On July 27, 1967, the head cashier was in fact kidnapped, his wife was held hostage, and an attempt was made to gain access to the Public Service Company's safe. These acts transpired in a manner almost identical to the plan outlined by Officer Thomas to his fellow employee. It is uncontroverted that Officer Thomas never disclosed to his superiors or to fellow police officers the conversations *592 which took place between him and the Public Service Company employee. To the contrary, Officer Thomas admitted during the course of the disciplinary proceedings that he had at one time admonished the Public Service Company employee not to disclose the fact that such conversations had taken place.
On the strength of information relating to such facts, and on the basis of other information relating to conduct on the part of Officer Thomas, there was served upon Officer Thomas a Notice of Intention to Initiate Disciplinary Action and Specification of Charges, which charged violation of six Police Department regulations. In substance the specified violations were as follows: First, Officer Thomas was charged with violation of a Police Department rule requiring that a police officer would not repress, conceal, or distort facts. Second, it was asserted that Officer Thomas had failed to comply generally with the rules and regulations of the Police Department. Third, it was asserted that he had generally failed to perform the duties of his rank or assignment, either by willful acts or through negligence, incompetence or cowardice. There was a fourth assertion that Thomas had violated that regulation which prohibited "Conduct prejudicial to the good order and police discipline of the department or conduct unbecoming an officer and a gentleman." As a fifth specification, it was asserted that Officer Thomas had violated that regulation which prohibited the intimidation of persons for personal reasons while acting under the color of authority. The sixth specification asserted the violation of the Department regulation prohibiting the threatening of a law-abiding citizen by a police officer.
The Chief of Police ultimately found Thomas guilty on all six of the specified charges and discharged him from service. This action was approved by the Manager of Safety, and Officer Thomas appealed the order of discharge to the Civil Service Commission for the City and County of Denver. A full hearing on the matter was held by the Commission. It was the ultimate ruling of the Commission that Officer Thomas was guilty under the first specified charge because of his failure to report those conversations which he had had with the Public Service Company employee and which could have been of some importance to the police investigation. The Commission additionally found Thomas guilty under the fourth specified charge on the theory that his discussions with a member of the general public as to the manner in which successful crimes could be undertaken was prejudicial to good order and police discipline. As to the second, third, fifth and sixth specified charges, the Commission ruled that Thomas was not guilty of the rules violations set forth within such charges for the reason that "there was either duplication in these charges or insufficient evidence to sustain a finding of violation thereof." The Commission then modified the disciplinary action taken by the Chief of Police and affirmed by the Manager of Safety by changing the order of dismissal to an order of suspension for a period of 123 days.
The defendants in error then instituted the present action in the District Court by appealing the modification of disciplinary action made by the Commission. The District Court held, in effect, that the Commission, having found Thomas guilty of the two charges referred to, abused its discretion in entering an order which placed Officer Thomas on suspension for a 123-day period in lieu of discharging him from the Police Department. It is from this ruling of the District Court that Thomas has appealed, asserting that the trial court's ruling was in error.
The entire disciplinary action from which this appeal emanates is governed by the provisions of the Charter of the City and County of Denver. Under that Charter, the Chief of Police is given primary administrative control over matters involving the discipline of police personnel. Charter of the City and County of Denver, Sec. C-5.73-2(1). The right to a review *593 of any disciplinary action by the Civil Service Commission of the City and County of Denver is conferred by the Charter of the City and County of Denver, Sec. C-5.73-3(1). The actions which the Commission can take as the result of such review are expressly limited by a Charter mandate that the Commission must give "due weight to the necessity of the maintaining by the Chief of administrative control of his Department." Charter of the City and County of Denver, Sec. C-5.73-3(5). Considering such mandate and the factual determinations made by the Denver Civil Service Commission as to Officer Thomas' guilt on the two specified charges, we rule, as a matter of law, that the Denver Civil Service Commission did abuse its discretion when it entered its decision revoking the dismissal of Officer Thomas and placing him on a suspended status for a 123-day period of time. Such action constituted an unjustified modification of a valid disciplinary action, such disciplinary action being, in the first instance, the responsibility of the Chief of Police. See Hawkins v. Hunt, 113 Colo. 468, 160 P.2d 357.
Having determined that Officer Thomas was guilty of conduct prejudicial to good order and police discipline, and having found that he failed to disclose information which could have been of assistance to the Police Department in the investigation of a crime, the Commission, in effect, determined that Officer Thomas' conduct was of a nature which ran directly cross-grain to the basic functions and primary purposes of the Police Department. It would be a paradox to compel a governmental department to retain in its employ an employee whose proven conduct demonstrated a direct disregard for the essential purposes which his employing department was created to serve. It is also obvious that, by compelling the continued employment of an employee who had demonstrated such conduct, the Civil Service Commission could not have given any weight to the necessity that the Chief of Police maintain administrative control of his Department. By the express delegation of power contained in the Charter, the Chief of Police is given the authority to regulate the internal affairs and workings of his Department. Our Supreme Court has expressly upheld the validity of such delegation of authority. Cain v. Civil Service Commission, 159 Colo. 360, 411 P.2d 778. There is no charge here that the Chief of Police abused the authority so conferred on him by acting without valid cause. To the contrary, the Commission specifically upheld his findings of Officer Thomas' guilt under the two charges that related to the basic functioning of the Police Department.
Under such circumstances, the decision to suspend rather than to discharge entered by the Civil Service Commission was an invasion of the Chief of Police's delegated authority and constituted an abuse of discretion by the Commission. The trial court's ruling to that effect was correct.
Judgment is affirmed.
COYTE and ENOCH, JJ., concur.