[Civ. No. 32617. First Dist., Div. Four. June 20, 1974.]

JOHN PEREA, Plaintiff and Appellant, v.
JAMES M. FALES, JR., as City Manager, etc., et al.,
Defendants and Respondents.

## COUNSEL

Carroll, Burdick & McDonough and Christopher D. Burdick for Plaintiff and Appellant.

David E. Schricker, City Attorney, for Defendants and Respondents.

## OPINION

**CHRISTIAN, J.**—John Perea, a Redwood City police officer, appeals from a judgment which denied his petition seeking a writ of mandate to: (1) set aside a decision of the Redwood City Personnel Board suspending him for

five days from his duties as a police officer, (2) reimburse him for lost wages and fringe benefits, and (3) expunge the record of the suspension from his personnel records. The petition was submittted for decision upon the administrative record.

On the evening of September 13, 1971, appellant, who was off duty and wearing civilian clothing, was stopped for driving 50 miles per hour in a residential neighborhood. The officer who stopped appellant reprimanded him for speeding but did not issue a citation.

Appellant was subsequently suspended from duty without pay for five days on the ground that the speeding incident was "conduct unbecoming an officer of the Redwood City Police Department," a ground for discipline specified in section 2 of part II (General Orders) of "Rules and Regulations for the Redwood City Police Department." The suspension was appealed to the Redwood City Personnel Board. After taking evidence the personnel board recommended that the suspension be upheld; the city manager accepted the recommendation and sustained the suspension.

■ Appellant's status, and the nature of the rights claimed by him, form the context in which the case must be considered. The personnel regulations of Redwood City provide that an employee may be dismissed only for cause. The city has thus vested in appellant a fundamental right to continuing employment, free of suspension except for cause. (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 144-147 [93 Cal.Rptr. 234, 481 P.2d 242].) Appellant's suspension had two effects. First, he was deprived of property —five days' salary and fringe benefits—which he would otherwise have received. Second, the record of suspension, inserted in appellant's personnel file, is a threat to his continued livelihood as a police officer in that (1) the letter of suspension threatened a cumulative effect by including a warning that any additional infractions of the police department's rules would lead to appellant's dismissal, and (2) the contents of an individual's personnel file may be the basis of the current employer's response to inquiries about that individual from prospective employers.

Respondents contend that appellant's right to continued employment is nevertheless not vested, citing *O'Neal* v. *City etc. of San Francisco* (1969) 272 Cal.App.2d 869 [77 Cal.Rptr. 855]. *O'Neal* states: "It has been said that a public employee has no vested right to public employment . . . . [Citations.]" (*Id.,* p. 874.) The authorities upon which that statement relies do suggest that a public employee has no *property* right in holding his public office (*Matter of Carter* (1903) 141 Cal. 316, 319 [74 P. 997]; *Redding* v. *City of Los Angeles* (1947) 81 Cal.App.2d 888, 900-901 [185 P.2d 430]). Only one of the authorities, *Boutwell* v. *State Board of*

*Equalization* (1949) 94 Cal.App.2d 945 [212 P.2d 20], refers to *vested* rather than property rights: "[There is] no vested right in public employment *other than that given by the statute,* . . ." (*Id.,* p. 950; italics added.) Here the vested right was created by the city's own regulations.

■ Appellant contends that there was no substantial evidence to support the personnel board's determination that appellant had been guilty of "conduct unbecoming an officer." In actuality, the evidence was uncontradicted that appellant was speeding; appellant's real claims are that the words "conduct unbecoming an officer" are too vague to define a standard of conduct and that there is no nexus between appellant's conduct and his fitness to perform his functions as a police officer. In *Morrison* v. *State Board of Education* (1969) 1 Cal.3d 214, 218 [82 Cal.Rptr. 175, 461 P.2d 375], the Supreme Court of California held that a teacher's conduct could not constitutionally be characterized as "immoral," "unprofessional," or involving "moral turpitude" for the purpose of imposing discipline unless that conduct reflected on the teacher's fitness to teach. A similar nexus between conduct characterized as "unbecoming an officer" and fitness to perform the functions of a police officer is required for the suspension of an officer from duty (*id.,* p. 239). In addition, the regulations applied to appellant to justify his suspension must not be so vague as to give no guidance as to what conduct is permitted and what is prohibited (*id.,* p. 231). The expression "conduct unbecoming an officer" fails, on its face, to provide a standard. However, the required certainty may be provided by the common knowledge of members of the particular vocation when the regulation does not itself contain specific standards; it may be that police officers "will normally be able to determine what kind of conduct indicates unfitness" to work in law enforcement (*id.,* p. 233).

Thus, the test established by *Morrison* requires two determinations: (1) whether the regulation is sufficiently specific to provide fair warning of which conduct is prohibited and which permitted, and (2) whether there exists a relationship or "nexus" between the prohibited conduct and the employee's fitness to perform the duties required by the position. (See *Perrine* v. *Municipal Court* (1971) 5 Cal.3d 656, 663 [97 Cal.Rptr. 320, 488 P.2d 648], cert. den., 404 U.S. 1038 [30 L.Ed.2d 729, 92 S.Ct. 710]; *Vielehr* v. *State Personnel Bd.* (1973) 32 Cal.App.3d 187, 194-195 [107 Cal.Rptr. 852].) Both specificity and nexus must be shown.

■ Appellant contends that the court erred in reviewing the personnel board's findings according to the substantial evidence test; appellant argues that the trial court should have applied independent judgment to the local administrative agency's findings. The standards applicable to

review of local agency findings by the trial courts were recently announced in *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 32 [112 Cal.Rptr. 805, 520 P.2d 29]: "If the order or decision of the agency substantially affects a fundamental vested right, the trial court, in determining under section 1094.5 whether there has been an abuse of discretion because the findings are not supported by the evidence, must exercise its independent judgment on the evidence and find an abuse of discretion if the findings are not supported by the weight of the evidence. If, on the other hand, the order or decision does not substantially affect a fundamental vested right, the trial court's inquiry will be limited to a determination of whether or not the findings are supported by substantial evidence in the light of the whole record." The Supreme Court specified that the new rule of review is to apply both prospectively and to appeals pending at the time the decision in *Strumsky* was filed (*id.,* p. 45). We have determined that appellant had a fundamental vested right which was affected by the personnel board's decision; therefore, independent judgment is to be exercised by the trial court in reviewing this administrative record.

Appellant contends that reception of evidence of prior misconduct denied him a fair and impartial hearing before the personnel board. The evidence, admitted over appellant's continuing objection, was an evaluation report from his personnel file, part of the cross-examination of appellant, and testimony of two of appellant's superiors in the police department. (See *Mattison* v. *City of Signal Hill* (1966) 241 Cal.App.2d 576, 579, 580, fn. 2 [50 Cal.Rptr. 682]; *Whoriskey* v. *City etc. of San Francisco* (1963) 213 Cal.App.2d 400, 404, 406 [28 Cal.Rptr. 833].) But administrative hearings are not required to be conducted by technical rules of evidence; evidence upon which "responsible persons are accustomed to rely," although not admissible in civil actions, is admissible at the agency hearing.* The record of appellant's performance was relevant to the determination of appropriate action; hence it was not error to receive that evidence.

The judgment is reversed with directions to the trial court to apply independent judgment to the record of the administrative agency hearing, make new findings, and render judgment.

Caldecott, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied July 8, 1974, and respondents' petition for a hearing by the Supreme Court was denied August 28, 1974.

---

*For example, Government Code section 11513, subdivision (c), applicable to proceedings under the Administrative Procedure Act, provides: "The hearing need not be conducted according to technical rules relating to evidence and witnesses. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence over objection in civil actions. . . ."