**AMBASSADOR BUILDING CORPORATION and James Beneditt, Jr., Plaintiffs-Appellants,**

**v.**

**The BOARD OF REVIEW OF the REGIONAL (AREA) BUILDING DEPARTMENT IN AND FOR the CITY OF COLORADO SPRINGS AND the COUNTY OF EL PASO, State of Colorado; and Perry C. Tyree, Regional Building Official; and the City of Colorado Springs, and the County of El Paso, Defendants-Appellees.**

No. 80CA0659.

Colorado Court of Appeals, Div. I.

Dec. 26, 1980.

Spurgeon, Haney & Howbert, P. C., Gregory R. Piché, Colorado Springs, for plaintiffs-appellants.

Otto K. Hilbert, Colorado Springs, for defendants-appellees.

RULAND, Judge.

Appellants, Ambassador Building Corporation and James Beneditt, Jr., appeal from a judgment of the district court which affirmed certain findings made by the Board of Review in connection with a general contractor's license suspension proceeding. We affirm.

The record reflects that Ambassador is engaged in the business of constructing single family residences. On September 14, 1979, the Board issued a notice to Ambassador advising that a hearing would be conducted to determine whether the license of the general contractor employed by Ambassador should be suspended. The notice stated that appellants were charged with violating § 5–212 of the Regional Building Code which prohibits fraudulent departure from plans or specifications without authority from the owner of a residence, willful violation of any provision of the building code (including any codes adopted by reference), and commission of acts of gross negligence, incompetence, or misconduct in the conduct of the contractor's business.

The notice specified three complaints: 1. The elevation of a residence erected by Ambassador was not constructed according to the elevation specified in the plans and specifications;

2. Residences located on two lots were constructed by Ambassador so as to be physically located within the right of way of property owned by other individuals and contrary to set back requirements of the city of Colorado Springs; and,

3. The plat for one of the residences, which was submitted to a lender with the intent of obtaining a permanent loan, set forth as a means of ingress and egress a parcel of land not owned by Ambassador or the party for whom the residence was being constructed.

Following a hearing, the Board made written findings of fact and determined that Ambassador was not guilty of any violation in connection with the first complaint specified in the notice. However, it also found that Ambassador was guilty of numerous other violations in connection with construction of the three residences, and it concluded that the general contractor's license should be suspended for one year. The suspension precludes the employment of any other general contractor by Ambassador for a period of one year. Ambassador sought review in the district court pursuant to C.R.C.P. 106(a)(4).

That court determined that ten of the Board's findings must be stricken because those findings related to violations not charged in the notice. However, the district court affirmed the other findings of the Board and remanded the case to the Board for reconsideration of the penalty imposed.

■ We note preliminary that the district court's judgment is final for purposes of appeal. *See Hickam v. Colorado Real Estate Commission,* 36 Colo.App. 76, 534 P.2d 1220 (1975).

■ Ambassador contends that the admission of evidence relating to the charges stricken by the district court contaminated the entire proceeding thus depriving Ambassador of due process of law. We find no merit in this contention.

We note that all of the evidence related to the same three residential properties described in the Board's notice. And, substantially all of the evidence was admitted without objection by Ambassador. *See Leschi Improvement Council v. Washington State Highway Commission,* 84 Wash.2d 271, 525 P.2d 774 (1974); *see also Comstock v. Bivens,* 78 Colo. 107, 239 P. 869 (1925).

We find no objection in the record based on the premise that the evidence failed to relate to the charges in the notice. Under these circumstances, admission of this evidence does not warrant reversal. *See The Raymond Lee Organization, Inc. v. Securities Commission,* 36 Colo.App. 417, 543 P.2d 75, *rev'd on other grounds,* 192 Colo. 112, 556 P.2d 1209 (1976).

Ambassador next contends that § 5–212(9) of the Regional Building Code, "as interpreted and applied by the [Board] is unconstitutionally vague and violates due process of law." Specifically, Ambassador contends that each of the terms "gross negligence," "incompetence," and "misconduct" is vague, that the Board's findings fail to reflect the legal standard that it applied in reaching its decision, and that, therefore, reversal is mandated. We also reject this contention.

Insofar as pertinent here, in its findings the Board determined that in connection with the closing on one of the residences, Ambassador knowingly submitted an amended plot plan which was not in conformity with its contract and had not been approved by either the Building Department or the Planning Department as required by the zoning ordinance, that the purchaser was not made aware of this discrepancy, that no action was taken to correct these defects until the purchaser complained to the Building Department, and that as of the date of the hearing, Ambassador had not supplied a corrected warranty deed or title insurance policy. Based on these findings, the Board concluded that Ambassador was guilty of gross negligence or intentional misconduct. The Board also found that the road for ingress and egress constructed by Ambassador for this residence did not comply with the amended survey plat which Ambassador had recorded and that this failure constituted an act of incompetence.

■ The record reflects that the Board was provided a legal definition of the term "gross negligence" by stipulation of counsel. We find no basis in the record for concluding that the Board misapplied this term.

And, in the context of the Board's findings and Ambassador's principal business, Ambassador must be deemed to know the meaning of "intentional misconduct." *See Cooper v. Civil Service Commission*, Colo. App., 604 P.2d 1186 (1979).

"Incompetence" refers to a demonstrated lack of ability to perform a required duty. *See Hatfield v. New Mexico State Board of Registration*, 60 N.M. 242, 290 P.2d 1077 (1955); *see also Annot.*, 64 A.L.R.3d 509 (1975). It is apparent that the Board considered Ambassador to have demonstrated incompetence by failing to construct the road in compliance with the amended survey. We decline to conclude that the Board misapplied this term in reaching its decision.

Ambassador finally contends that it was denied due process of law because of the alleged bias and prejudice of the Board in conducting the hearing. Specifically, Ambassador complains of the interrogation by one Board member of certain witnesses and counsel. We reject this contention.

We agree with the trial court that the interrogation by one Board member did not, at times, reflect complete impartiality. However, the decision of all four Board members as to the findings of fact was unanimous. Those findings are supported by competent evidence. *See Corper v. Denver*, 191 Colo. 252, 552 P.2d 13 (1976). And, the record otherwise fails to reflect bias or bad faith on the part of the Board members. *See Public Utilities Commission v. District Court*, 163 Colo. 462, 431 P.2d 773 (1967). Hence, there is no basis for reversal of the Board's decision.

We have considered Ambassador's other contentions and conclude that they lack merit.

Judgment affirmed.

COYTE and PIERCE, JJ., concur.