**Adam G. HOMA, Jr., Plaintiff-Appellant,**

**v.**

**The CIVIL SERVICE COMMISSION FOR the CITY AND COUNTY OF DENVER, Colorado, consisting of Oswald C. Abernathy, President, Ted Bach, Commissioner, and Jesse Manzanares, Commissioner, Daniel P. Cronin, former Manager of Safety of the City and County of Denver, Elvin Caldwell, present Manager of Safety of the City and County of Denver, Arthur G. Dill, Chief of Police of the City and County of Denver, and the City and County of Denver, a municipal corporation, Defendants-Appellees.**

**No. 81CA0972.**

Colorado Court of Appeals,
Div. III.

May 20, 1982.

Rehearing Denied June 17, 1982.

Fogel, Keating & Wagner, P.C., Marshall A. Fogel, Denver, for plaintiff-appellant.

Max P. Zall, City Atty., Robert D. Dowler, Asst. City Atty., Denver, for defendants-appellees.

SMITH, Judge.

George Homa appeals the district court's affirmance of his dismissal from employment with the Denver Police Department. We affirm.

On December 7, 1977, Homa was convicted in federal court of unlawful possession of twelve hand and rifle white phosphorous grenades in violation of 26 U.S.C. § 5861(d). That conviction has become final.

On February 27, 1980, Homa was given "Notice of Intent to Initiate Disciplinary Action" under the Denver Police Department's Regulation RR–115, which provides that:

> "Officers shall obey the Charter of the City and County of Denver, all city ordinances, and all state and federal statutes."

After two conferences with Homa, the Chief of Police issued an order dismissing Homa from the Denver Police Department based upon his violation of the regulation. That action was thereafter affirmed by the Manager of Safety. Homa appealed the dismissal to the Denver Civil Service Commission. After conducting a full hearing, the Commission upheld Homa's dismissal.

Homa then instituted this C.R.C.P. 106(a)(4) action for a review of the Commission's findings and order. The district court upheld the action of the Commission, and Homa brought this appeal.

Homa contends that the Civil Service Commission improperly interpreted the Denver City Charter § C5.73–5 as mandating his termination from the Police Department following his felony conviction. The charter provision at issue provides as follows:

> "[T]he conviction of a member of the Classified Service for a felony or other crime involving moral turpitude shall be grounds for discharge."

Homa seeks from us an interpretation of that charter provision. However, we decline to address that issue because it is not involved here. The Commission upheld the dismissal based, not on the charter provision, but, upon the fact that a violation of departmental regulations had been committed. The substantive charge resulting in Homa's termination was violation of Police Department Regulation RR–115. The Chief of Police did not dismiss Homa pursuant to any mandate of the City Charter, nor did the Manager of Safety or the Civil Service Commission uphold the dismissal because of such asserted mandate. In each instance, Homa's conviction for violation of a federal law, albeit a felony, was considered as proof of his violation of the police department regulation. Our examination of the record discloses ample evidence to sustain the action of the Department in dismissing Homa for a violation of a departmental regulation, and the findings of the Commission in that regard.

Further, it has not been demonstrated that the Commission misapplied the applicable law, or exceeded its jurisdiction, and therefore, the district court correctly declined to substitute its judgment for that of the Commission, *State Civil Service Com-*

mission v. Hazlett, 119 Colo. 173, 201 P.2d 616 (1948); Cooper v. Civil Service Comm'n, 43 Colo.App. 258, 604 P.2d 1186 (1979).

Judgment affirmed.

KELLY and KIRSHBAUM, JJ., concur.