The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
January 15, 2026

## 2026COA2

**No. 24CA1735, *Moore v. Colorado Department of Revenue* — Vehicles and Traffic — Drivers' Licenses — Revocation of License Based on Administrative Determination — Alcohol and Drug Offenses — Expressed Consent for the Taking of Blood, Breath, Urine, or Saliva — Refusal**

A division of the court of appeals holds that the evidence submitted by the Division of Motor Vehicles to support revocation of a driver's license under the express consent statute, section 42-4-1301.1, C.R.S. 2025, was sufficient to prove that the driver refused chemical testing. The decision illuminates the limits of *Jansma v. Colorado Department of Revenue*, 2023 COA 59, in which another division held that the evidence of refusal in that case was insufficient under the express consent statute.

COLORADO COURT OF APPEALS          **2026COA2**

Court of Appeals No. 24CA1735
Larimer County District Court No. 24CV30287
Honorable C. Michelle Brinegar, Judge

Linda Marie Moore,

Plaintiff-Appellee,

v.

Colorado Department of Revenue, Motor Vehicle Division,

Defendant-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Grove and Schutz, JJ., concur

Announced January 15, 2026

Law Office of Bradford L. Allin, Bradford L. Allin, Fort Collins, Colorado, for
Plaintiff-Appellee

Philip J. Weiser, Attorney General, Danny Rheiner, Assistant Solicitor General,
Leonela Urrutia, Assistant Attorney General, Denver, Colorado, for Defendant-
Appellant

¶ 1      The Department of Revenue, Division of Motor Vehicles (the Division), appeals the district court's judgment reversing the Division's order revoking Linda Marie Moore's driver's license under the express consent statute, section 42-4-1301.1, C.R.S. 2025. We reverse the district court's judgment and remand the case to the district court for reinstatement of the Division's revocation order. In doing so, we distinguish *Jansma v. Colorado Department of Revenue*, 2023 COA 59, and conclude that, unlike in that case, in this case the information provided by the Division to the hearing officer to justify revocation of the driver's license under the express consent statute was sufficient to prove that the driver refused chemical testing.[1]

## I.     Background

¶ 2      Responding to a call from a bystander concerned that Moore was about to drive while intoxicated, Larimer County Sheriff's Office Deputy Lantis contacted Moore as she was backing out of her

---

[1] We recognize that we aren't bound by the holding in *Jansma v. Colorado Department of Revenue*, 2023 COA 59. *See Chavez v. Chavez*, 2020 COA 70, ¶ 13 (one division of this court isn't bound by another division's decision). But the Division disavows any challenge to *Jansma* in this appeal. So we will assume that *Jansma* was correctly decided for the purpose of our analysis.

1

parking spot, almost hitting another vehicle. Moore told Deputy Lantis that she had consumed two glasses of wine over a two-hour period and didn't drink often. Deputy Lantis asked Moore to perform roadside maneuvers. She refused. When Deputy Lantis asked Moore for her driver's license, automobile registration, and proof of insurance, she had difficulty finding them (and never found her proof of insurance). While Moore was looking for the documents, Deputy Lantis asked her several questions, but during the conversation, Moore couldn't focus on answering the questions. Deputy Lantis reported that Moore displayed multiple signs of intoxication.

¶ 3    Deputy Lantis placed Moore in custody and transferred custody to Officer Kinney, who put her in the back seat of his patrol car. In the "Narrative" portion of his report, Officer Kinney recounted the following:

> I explained the Colorado Express Consent Law to [Moore], and she refused chemical tests. I advised her that administrative sanctions could be placed on her license, in which she still refused chemical testing.
>
> . . . .

2

While in the back of my patrol vehicle, I advised [Moore] of her Miranda Rights, in which she understood her rights and was willing to speak with me. I asked [Moore] how much wine she had to drink. She said two. I asked [Moore] what type of wine it was, and she said it was white wine. I confirmed with her that she drank here at the events center, and she said that she did. I asked [Moore] what time she had her last drink of wine, and she said it was before intermission. I asked [Moore] what time that was at, and she thought it was at 4:00 pm, or 1600 hours. I asked [Moore] what time she currently thought it was and she advised 6:00 pm, or 1800 hours. The current time was 1736 hours.

I asked [Moore] on a scale of zero to 10, with zero being completely sober and 10 being the most intoxicated or high she had ever been in her entire life, where she would put herself on that scale, and she said a three. I asked [Moore] why a three, and she said that was her thought. I asked [Moore] if she believed that she was impaired, even if it was to the slightest degree and she said no. I asked [Moore] with the amount of alcohol that she had drank was it affecting her more mentally or physically, or [sic] she said neither. I asked [Moore] if she believed she should be operating a motor vehicle. She paused for a moment and said yes. I asked [Moore] if she had flown on a plane before and she said she had. I asked her if she saw the captain of the plane drinking two glasses of wine and he put himself on the scale of zero to 10 at a three, if she would feel comfortable flying on the plane. She said no.

I confirmed with [Moore] that she was refusing chemical tests and she still refused. I advised her again that administrative sanctions could be placed on her license and asked if she understood that. She said that she did. [Moore] still refused chemical testing.

¶ 4     Officer Kinney completed an "Express Consent Affidavit and Notice of Revocation" and gave it to Moore. The form said that Moore's license was being revoked because she "refused to take or complete" any chemical testing of her blood. He checked boxes saying that he had advised Moore of the express consent law and she "refused." In the box next to the checkmark for "refused," Officer Kinney wrote, "wouldn't do chemical test."

¶ 5     Moore requested a hearing to challenge the revocation. *See* § 42-2-126(7), C.R.S. 2025. Relying on *Jansma,* she asserted that there was insufficient evidence "that she was advised [of the express consent statute], let alone refused to take a chemical test." No one testified at the hearing. The only evidence submitted was Moore's driving record, the Express Consent Affidavit and Notice of Revocation, Officer Kinney's "Affidavit in Support of Warrantless Arrest," and Officer Kinney's report.

4

¶ 6    The hearing officer found that (1) Officer Kinney advised Moore of the express consent law; (2) Moore refused to take a chemical test; (3) Officer Kinney "then explained the consequence of refusing to take a chemical test twice by telling [Moore] there would be administrative sanctions"; and (4) Moore "again refused to take a chemical test two times." The hearing officer concluded that the facts in this case were distinguishable from those in *Jansma,* in which the only evidence of a refusal was a checkmark in the "refusal" box. *See Jansma,* ¶ 19. Accordingly, the hearing officer upheld the revocation.

¶ 7    Moore filed a petition for review of the Division's decision in district court. *See* §§ 24-4-106(4), 42-2-126(11), C.R.S. 2025. The court reversed. It concluded that, as in *Jansma,* the evidence didn't show the "circumstances supporting refusal" — that is, "how" Moore refused, whether by saying she refused or some other means.

## II.    Appellate Jurisdiction

¶ 8    Citing *Colorado Health Facilities Review Council v. District Court,* 689 P.2d 617 (Colo. 1984), the clerk of this court issued an order to show cause directing the Division to show cause why the appeal shouldn't be dismissed for lack of a final, appealable order.

5

The order to show cause was based on the fact the district court not only reversed the hearing officer's order but "remanded for further proceedings consistent with [its] opinion."

¶ 9    After the Division responded, a motions division of this court deferred the order to the merits division.

¶ 10    We conclude that we have jurisdiction over this appeal. The district court's order resolved Moore's petition on the merits, ruling in her favor on the only issue presented for review. Though the district court's order remanded the case, nothing remains for the Division to do other than reinstate Moore's license as required by the district court's order.[2]  Thus, unlike in *Colorado Health Facilities*, the remand won't lead to further proceedings on the merits of the case. *See Scott v. City of Englewood*, 672 P.2d 225, 226 (Colo. App. 1983); *Ambassador Bldg. Corp. v. Bd. of Review of Reg'l (Area) Bldg. Dep't*, 623 P.2d 79, 81 (Colo. App. 1980); *Hickman v. Colo. Real Est. Comm'n*, 534 P.2d 1220, 1225 (Colo. App. 1975).

¶ 11    We turn, then, to the merits.

---

[2] The Division reissued Moore's license after the district court entered its order.

### III. The Merits

¶ 12    Under section 42-4-1301.1(2)(a)(I), a driver is required to take a chemical test for the purpose of determining her blood alcohol content when directed to do so by a law enforcement officer who has probable cause to believe that the driver drove a motor vehicle while impaired.  The first time a driver refuses, the Division must revoke the driver's license for one year.  § 42-2-126(3)(c)(I).

¶ 13    As noted, a person whose license the Division has revoked based on such a refusal may challenge the revocation via a hearing before a Division hearing officer.  "In deciding whether there was a refusal to submit to a chemical test, the [hearing officer as the] trier of fact should consider the driver's words and other manifestations of willingness or unwillingness to take the test."  *Gallion v. Colo. Dep't of Revenue*, 171 P.3d 217, 220 (Colo. 2007) (quoting *Dolan v. Rust*, 576 P.2d 560, 562 (Colo. 1978)).  This is an objective test.  *Id.*

¶ 14    We are in the same position as the district court when reviewing the Division's revocation decision.  *Neppl v. Colo. Dep't of Revenue*, 2019 COA 29, ¶ 10.  We may not reverse the Division's decision unless the Division "(1) exceeded its constitutional or statutory authority; (2) erroneously interpreted the law; (3) acted in

7

an arbitrary and capricious manner; or (4) made a determination that is unsupported by the evidence in the record." *Id.* at ¶ 8; *see* § 42-2-126(9)(b).

¶ 15     When, as in this case, a driver challenges the hearing officer's decision on the ground that it was arbitrary or capricious, she must convince us that the record doesn't contain substantial evidence supporting the decision. *Charnes v. Robinson*, 772 P.2d 62, 68 (Colo. 1989); *Long v. Colo. Dep't of Revenue*, 2012 COA 130, ¶ 6. But "[i]f a hearing officer's finding on the refusal issue is based on application of the proper objective legal standards and resolution of conflicting inferences from the evidence, it is binding on review." *Haney v. Colo. Dep't of Revenue*, 2015 COA 125, ¶ 17; *accord Poe v. Dep't of Revenue*, 859 P.2d 906, 908 (Colo. App. 1993).

¶ 16     Viewing the evidence in this way, we conclude that it shows that Officer Kinney and Moore had a conversation, and that in the course of that conversation, Moore said, three times, that she would not take a test. The clearest example of this is in Officer Kinney's account of how Moore responded to his last request: "I advised her again that administrative sanctions could be placed on her license and asked if she understood that. She *said* that she did. [Moore]

still refused chemical testing." (Emphasis added.) Indeed, Officer Kinney's affidavit and report are replete with references to what Moore "said" during their conversation. One could therefore reasonably infer that when Moore refused testing, she *said* she refused testing.

¶ 17 Thus, even assuming *Jansma* was correctly decided, we agree with the Division and the hearing officer that the facts in that case are materially different from the facts in this case. The evidence in this case, and the reasonable inferences that can be drawn therefrom, shows that Moore refused chemical testing.

## IV. Disposition

¶ 18 The district court's judgment is reversed, and the case is remanded to the district court for reinstatement of the order of revocation.

JUDGE GROVE and JUDGE SCHUTZ concur.